**Gloria D. OWENS, Appellant,**

v.

**Mae S. CURTIS, Appellee.**

**No. 79–945.**

District of Columbia Court of Appeals.

Argued Sept. 30, 1980.

Decided July 7, 1981.

Kevin R. McCarthy, Washington, D. C., for appellant.

Coolidge N. McCants, Washington, D. C., for appellee.

738

Before MACK and FERREN, Associate Judges, and GALLAGHER,* Associate Judge, Retired.

MACK, Associate Judge:

Appellant, the purchaser of certain real estate, filed suit against the seller, the realty company and the real estate agent involved in the sale. Following a nonjury trial, a motion to dismiss was granted with respect to the realty company and judgment was entered in favor of the seller and the agent. Appeal is brought only with respect to the judgment in favor of the seller. We affirm.

In March 1978 the appellant, a prospective home buyer, examined residential property owned by the appellee. During the 30 minute inspection appellant noted signs of deterioration on the walls of a basement closet. She inquired whether the deterioration was the result of fire or water damage. Appellee answered that she did not know the cause of the damage and that the deterioration existed when she moved in a few years ago. When asked about tiles missing from the basement floor, appellee responded that the tiles were old and old tiles come up. Following this inspection a sales contract was entered into.

Appellant sought to further inspect the house on a rainy day but the appellee suggested an alternate date. On another occasion, appellant briefly visited the property to check the size of rooms and location of windows and to consider remodeling the kitchen.

Appellant intended to have a friend with some experience in real estate accompany her on a presettlement inspection. Had the friend noticed defects, appellant planned to demand either repair of the defects or an appropriate adjustment in price. However, following scheduling difficulties, the agent handling the sale informed appellant that she would have to inspect the premises immediately or forfeit her presettlement inspection. Appellant, unable to reach her friend, made the inspection alone. After settlement she discovered that the deterioration in the closet and the missing tiles were the result of a flooding problem in the basement.

Relying on expert testimony, the judge found that there had been a wetness problem of longstanding in the basement of the premises. The judge viewed appellant as a "totally credible witness" and found that a substantial portion of appellee's testimony was "totally and inherently incredible." He concluded that appellee or someone acting in her behalf had attempted to conceal the deterioration problem in the basement by adding baseboard to the lower portion of the paneling. The judge noted that, despite this unusually high baseboard, the exposed paneling showed signs of deterioration.

Reluctantly, the trial judge ruled in favor of the appellee, stating that the Consumer Protection Procedures Act, D.C.Code 1978 Supp., title 28 App., was not applicable to the sale of real estate, that appellant had not relied on appellee's alleged misrepresentations, and, finally, that the doctrine of caveat emptor was applicable.

■ Appellant contends that the trial court erred in holding, as a matter of law, that the Consumer Protection Procedures Act does not apply to the sale of real estate.[1]

Appellant sought recovery under § 5 of the Act. Section 5 provides in relevant part:

§ 5. Unlawful trade practices.

It shall be a violation of this act, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to:

\*  \*  \*  \*  \*  \*

(e) misrepresent as to a material fact which has a tendency to mislead;

(f) fail to state a material fact if such failure tends to mislead[.]

---

* Judge Gallagher was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on February 27, 1981.

1. Appellant does not rely on legislative history and we have been unable to find any which supports her interpretation of the scope of the statute.

We must first consider whether the sale of appellee's home is within the meaning of a "trade practice" as defined by the Act. A trade practice means

> any act which does or would create, alter, repair, furnish, make available, provide information about, or, directly or indirectly, solicit or offer for or effectuate, a sale, lease or transfer, of *consumer goods or services* [.] [Section 2(a)(6). Emphasis added.]

While the term "goods and services" is broadly defined,[2] it is qualified by the term "consumer" which, when used as an adjective, "describes anything, without exception, which is primarily for personal, household, or family use." Section 2(a)(2).

We hold that the sale of real estate is not within the meaning of "primarily for personal, household or family use." Accordingly, we affirm the trial court's ruling that, as a matter of law, the Consumer Protection Procedures Act is inapplicable to the case at bar.

 The trial court further held that recovery was barred under the alternative theories urged by appellant. During trial appellant sought to establish that the appellee fraudulently, recklessly, or negligently concealed from appellant the longstanding wetness problem. Under either theory the proponent must prove reliance. *Remeikis v. Boss & Phelps, Inc.,* D.C.App., 419 A.2d 986 (1980). The trial court found that even if appellee's statements were misrepresentations, the appellant did not rely on them. In support of this factual finding, the court pointed to appellant's expressed but unexecuted intention to have a friend with some expertise in real estate inspect the premises for the purpose of requiring repairs or price adjustments. Appellant was aware that some independent inspection was necessary to protect her interests. Thus, she is hardly in a position to claim reliance upon appellee's representations. Since the trial court's factual finding of no reliance is supported by evidence in the record and is not plainly wrong, we affirm. D.C.Code 1973, § 17–305.

In view of our affirmance of the trial court's holdings that the Consumer Protection Procedures Act is not applicable and that appellant failed to prove reliance, we need express no view on the trial court's alternative holding that caveat emptor barred recovery.

Accordingly, we

*Affirm.*

---

**2.** Section 2(a)(7) defines "goods and services" as

> any and all parts of the economic output of society, at any stage or related or necessary point in the economic process, and includes consumer credit, franchises, business opportunities, and consumer services of all types[.]