**A.B. ALEXANDER, an individual d/b/a A.B. Alexander & Associates, Appellant,**

**v.**

**The PERKIN ELMER CORPORATION, Appellee.**

**No. 83–1719.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1984.

Decided March 13, 1984.

Rehearing and Rehearing En Banc Denied April 16, 1984.

Edward M. Goldenhersh, James G. Wiehl, St. Louis, Mo., for appellee The Perkin Elmer Corp.; Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Mo., of counsel.

Michael A. Gross, St. Louis, Mo., for appellant.

Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

A.B. Alexander, the appellant in this action, designs computer programs known as simulators. Simulators are used in the steel industry to estimate project costs. In November of 1974 the appellant contracted with Debron Corporation, a steel fabricator, to design a simulator and provide support services. One of Debron's duties under the contract was the purchase of all computer hardware and software necessary for the simulator. In August of 1974 Debron, acting upon the appellant's advice, entered into a contract of sale with Interdata Inc. Interdata agreed to sell an appropriate computer, and its accompanying software, to Debron. The computer and software were delivered in November of 1974.

The system delivered by Interdata never performed properly. Perkin Elmer, the appellee, became involved in this action through its purchase of Interdata Inc. Debron merged with a subsidiary of Bristol Corporation, and its name was changed to Mississippi Valley Structural Steel (hereinafter MVSS). MVSS assigned to the appellant its claim against Perkin Elmer Corporation in May of 1981. On August 7, 1981, the appellant filed this action. The complaint basically alleged two causes of action: common law fraud and a RICO violation under 18 U.S.C. § 1964(c). The gravamen of the appellant's complaint is that the appellee lied, initially about the capacity of the computer and subsequently about the nature and cause of the equipment failure.

The appellant's RICO claim was dismissed by the court[1] because it did not allege a connection between the appellee and organized crime. The remaining common law fraud counts were subsequently dismissed after a motion for summary judgment was argued and the court ruled that the claims were time barred.

The district court[2] adopted the magistrate's rulings and this appeal followed. This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1976).

We do not address the question of whether the appellant's original complaint stated a cause of action under 18 U.S.C. § 1964(c) as construed by this court in *Bennett v. Berg,* 685 F.2d 1053 (8th Cir.1982); *adopted en banc,* 710 F.2d 1361 (1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983), because we are of the opinion that the RICO and common law fraud actions are barred under the appropriate statute of limitations.

The RICO statute does not contain a period of limitations regulating the time a private civil action may be brought. When a federal statute creates a cause of action, but fails to include a statute of limitations, the federal courts usually apply the most analogous state statute of limitations. *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). Under the facts of this case, the most appropriate statute is MO. ANN.STAT. § 516.120(5) (Vernon 1952). The Missouri Court of Appeals, construing this statute, stated: "The effect of the statutory provision just quoted [§ 516.-120(5) ] is to give plaintiffs five years to sue from the date when they knew or should have discovered the controlling facts." *Harding v. Modern Income Life Insurance Co.,* 593 S.W.2d 568, 571 (1979).

In applying section 516.120(5) as construed by the Missouri Court of Appeals, and in arriving at the conclusion that the

---

1. William S. Bahn, United States Magistrate, presided.

2. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

appellant's common law and statutory claims are time barred, we have judged the facts under the standards appropriate for summary judgment. A motion for summary judgment "should be sustained 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Butler v. MFA Life Insurance Company*, 591 F.2d 448, 451 (8th Cir.1979). Among the facts which establish that the appellant, at least five years before this suit was filed, knew or should have known that the defendant was misrepresenting essential facts about the computer, are the following:

1. In a letter addressed to the appellee and dated June 7, 1977, the appellant stated, inter alia, "Our situation was nearly untenable from the start. * * * hardware reliability remained a major problem until late August of 1976. We maintained complete console logs and your organization was constantly informed as to our status. We had recommended legal action as early as June, 1975, but none was taken."

2. The following admissions were among those made by the appellant in a deposition taken on May 28, 1982:

Q. And you possessed sufficient information as of June 7th, '76—maybe not as much as what you got later—but it was sufficient for you at that time to determine that the system you got contained hardware and software design and developmental problems that were not disclosed to you and were not set forth in the literature that you received at the time you advised Debron and Debron so entered into the August 2nd, '74 contract; is that correct?

A. That's correct.

and,

Q. Did you consider that Interdata had misrepresented to you when FORTRAN V would be available?

A. Yes, I consider that was a misrepresentation.

Q. And you knew of that misrepresentation by November of '74?

A. Yes.

Q. Did you consider the availability of the FORTRAN V software package as being part of a completed software system?

A. Yes.

In addition to the above, the appellant stated that by June of 1976 he could no longer believe the representations of several employees of the appellee. These admissions are only part of the record presented to the trial court which established that the appellant knew of the pattern of misrepresentation more than five years before this suit was filed. We therefore affirm the district court's order granting summary judgment.