616 F.Supp. 862 (1985)
AETNA CASUALTY & SURETY COMPANY
v.
CURRENT COMPONENTS, INC., Reptron/Michigan Electronics, Serge Mandell, Herbert Myers, Anthony Benanti, Robert Ruesing, Michael Musto, Terry Gibbs, Noel Hutchins, Edward Escobedo, Prime Source, Inc., D-Mont Distributors Corp., Components Plus, Inc., Arnold Goodrich, Paul Weinstein.
No. 83-2310C(6).
United States District Court, E.D. Missouri, E.D.
September 16, 1985.
Daniel E. Wilke, Brinker, Doyen & Kovacs, Clayton, Mo., for plaintiff.
John L. Boeger, St. Louis, Mo., Anthony B. Ramirez, Coleman, Ross, Carey, Goetz & Schaaf, Inc., Clayton, Mo., Burton Greenburg, London, Greenberg & Pleban, Tim Kellett, Walter M. Clark, John F. Cowling, Armstrong, Teasdale, Kramer & Vaughan, Donald J. Stohr, Thompson & Mitchell, St. Louis, Mo., John F. Triggs, Slade & Pellman, New York City, R. Timothy Hanlon, Shaw, Pittman, Potts & Trowbridge, Washington, D.C., Michael B. McKinnis, J. Thomas Archer, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This case is before the Court on defendant Frank Fernandez's motion to dismiss plaintiff's second amended complaint against him. The Court has considered the exhibits and supplementary affidavits filed by defendant with its motion, and hence has treated the motion as one for summary judgment pursuant to Rule 56, F.R.C.P.
As grounds for dismissal Fernandez asserts that plaintiff's cause of action against him is time-barred. For the following reasons, the Court accepts defendant's argument and holds that the statute of limitations ran on plaintiff's complaint no later than October 23, 1983.
Plaintiff filed its first complaint in this Court on September 29, 1983, alleging that defendant employees of plaintiff's assignor, Emerson Electric Company (Emerson), engaged in a scheme of bid-rigging and *863 payment of kickbacks to secure the awarding of purchase contracts by Emerson to certain electrical components manufacturers also named as defendants in this action. Plaintiff in its original complaint sought recovery on the basis of unjust enrichment, fraud, and under the Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq.. Defendant Fernandez is an associate of Components Plus, Inc., one of the manufacturers allegedly involved in the bid-rigging scheme. He was not named as a defendant in plaintiff's original complaint.
From the pleadings, affidavits and exhibits filed with the Court, it appears that Emerson was aware of the conduct giving rise to the complaint at the latest on October 23, 1978. For purposes of this action as it has proceeded to this point, the cause of action on each count has been deemed to have accrued on that date. The statute of limitations, which is five years on all three counts, § 516.120, RSMo 1978; and see Alexander v. Perkin Elmer Corp., 729 F.2d 576, 579 (8th Cir.1984) (RICO statute, which does not contain limitations period, authorizes federal courts to apply "the most applicable statute of limitations"), ran on October 23, 1983.
Plaintiff opposes the motion of defendant Fernandez, asserting that although it was aware of the general scheme of defendants by October 23, 1978, it did not know of Fernandez's involvement until plaintiff had an opportunity to speak with defendant Terry Gibbs after filing its original complaint. Relying on the equitable tolling doctrine, plaintiff argues that the statute of limitations on the fraud and RICO counts against defendant Fernandez did not begin to run until plaintiff "discovered" Fernandez's fraud through its conversations with defendant Gibbs, § 516.120(5), RSMo 1978. Alternatively, plaintiff argues that whether or not plaintiff had knowledge of Fernandez's role in the alleged scheme by October 23, 1978 is a question of fact not properly determinable by the Court on motion for summary judgment.
On the basis of evidence in the paper record, the Court rejects plaintiff's arguments. In late 1978 Emerson commissioned McGinn & Agnew, Inc., a professional legal corporation, to undertake an independent investigation of contracting practices of the Emerson procurement department. McGinn & Agnew presented a preliminary report to Emerson on October 3, 1978, notifying the company of the ongoing fraud. This report identified Fernandez as a "secondary suspect" in the alleged fraudulent scheme, see Exhibit C in support of defendant's motion to dismiss. Employees of Emerson verified the fraudulent practices on October 23, 1978, which is the date Emerson as assignor cited to plaintiff as assignee as the date of "discovery" by Emerson. See Exhibit E in support of defendant's motion to dismiss. The statute of limitations began to run as of this "discovery".
The above-cited exhibits document that plaintiff had grounds for suspicion of Fernandez at the time the statute began to run. Under Missouri law, suspicion of fraudulent activity commences the running of the statute where the means of discovery exist. Burr v. National Life & Accident Insurance Company, 667 S.W.2d 5 (Mo.App.1984); Briece v. Bosso, 158 S.W.2d 463, 467 (Mo.App.1942). Suspicion of fraud imposes a duty on the plaintiff to exercise "reasonable diligence" to discover the facts. Shelter Mutual Ins. Co. v. Public Water Supply Dist., 569 F.Supp. 310 (E.D.Mo.1983). "`The statutory period ... [does] not await appellant's leisurely discovery of the full details of the alleged scheme.' Klein v. Bower, 421 F.2d 338, 343 (2d Cir.1970)," Koke v. Stifel, Nicolaus & Co., Inc., 620 F.2d 1340, 1343 (8th Cir. 1980).
Fernandez was identified as a suspect in the alleged bid-rigging scheme on October 3, 1978. Even viewing the facts in the light most favorable to the plaintiff, as we are bound to do on motion for summary judgment, Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983), the Court finds that no genuine issue exists as to whether plaintiff *864 was on notice as to Fernandez's involvement. "The standard is an objective one. Hupp v. Gray, 500 F.2d 993, 997 (7th Cir.1974). What acts would alert a reasonable person to the possibility of wrongdoing? Long v. Abbott Mortgage Corp., 459 F.Supp. 108, 116 (D.Conn.1978)," Koke, supra at 1343.
Plaintiff has pleaded concealment of the fraud by Fernandez. The Court finds, however, that plaintiff had adequate notice of Fernandez's involvement to name him in its original complaint. Any subsequent concealments by Fernandez cannot serve to allay plaintiff's suspicion which commenced the running of the statute. See Harding v. Modern Income Life Insurance Company, 593 S.W.2d 568 (Mo.App.1979).
The statute of limitations ran on October 23, 1983 against defendant Fernandez as it did against the other defendants. Plaintiff's action against him is therefore time-barred and must be dismissed.

MOTION FOR SANCTIONS
Defendant Fernandez has filed with the Court copies of letters exchanged between the parties prior to the filing of plaintiff's second amended complaint. The correspondence discusses the applicable statute of limitations. Defendant Fernandez requested plaintiff in this exchange to forebear prosecution of its claims, suggesting that filing the time-barred actions would represent abuse of the judicial system.
In view of this extensive exchange and defendant's forewarning of its intention to request sanctions, the Court finds that defendant's motion for the latter has merit. Plaintiff will be assessed the costs to defendant of preparing its motion and supporting memoranda.