Andrew F. **LAWSON**, Plaintiff,

v.

**NATIONWIDE MORTGAGE CORPORATION, et al.,**
Defendants.

Civ. A. No. 85–2923.

United States District Court,
District of Columbia.

Feb. 18, 1986.

Elizabeth Figueroa, Washington, D.C., for plaintiff.

Ronald Early, Bethesda, Md., for defendant Family Federal Sav. and Loan.

## MEMORANDUM

GASCH, District Judge.

This case arises from a series of loan transactions that resulted in the foreclosure sale of plaintiff's home. The complaint asserts claims for fraud and misrepresentation, legal malpractice, and violation of the D.C. Consumer Protection Procedures Act, the Truth-in-Lending Act ("TILA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Currently before the Court is a motion of defendant Family Federal Savings and Loan to dismiss the four claims against it. For the reasons stated below, the Court grants the motion only as to the TILA claim.

## I. BACKGROUND

Plaintiff purchased property known as 122 33rd Street, N.E., in August, 1958, and as of 1976 he owned the property free of all encumbrances. Eventually, however, plaintiff needed a loan to repay creditors, and he responded to a newspaper advertisement placed by defendant Nationwide Mortgage Corp. ("Nationwide"). The next day, a Nationwide broker came to plaintiff's home, where plaintiff allegedly informed him that he needed $6,000 to pay overdue bills. A loan was approved and settlement of the transaction ("transaction # 1") occurred on December 10, 1980.

At the settlement, plaintiff allegedly was shown the loan documents for the first time. The promissory note, drafted by Nationwide, was for $7,600 and stated that the loan proceeds would be used for business purposes. The note called for monthly interest-only payments and a year-end

balloon payment. Plaintiff says that while he did not fully understand these documents, he signed them in reliance upon representations that, *inter alia*, he would eventually receive long-term financing. The complaint also asserts that plaintiff received only $3,900 in proceeds from the loan and that the effective interest rate of 35 percent was not disclosed to plaintiff.

Plaintiff later approached Nationwide to arrange for the long-term financing allegedly promised him, but Nationwide refused. Thereafter, defendant Augustine Barquin, who identified himself as a Nationwide broker, offered to arrange a long-term loan for plaintiff through Family Federal. The resulting transaction ("transaction # 2") was a loan for $25,000 that was settled on September 15, 1981. Plaintiff again was presented with loan documents for the first time at settlement and was purportedly advised that the loan would not be approved unless he signed an affidavit that the loan was for a business purpose.

The terms and conditions of transaction # 2 allegedly were not explained to plaintiff. Plaintiff signed the documents in reliance upon representations that he would receive long-term financing and because the balloon payment on transaction # 1 had come due. Plaintiff received only $4,620.33 in proceeds from transaction # 2. In addition, Barquin allegedly told plaintiff that transaction # 2 was with Family Federal, even though the lender named on settlement papers was Nationwide. Nationwide later told plaintiff that the loan had been sold to Family Federal.

In the final transaction ("transaction # 3"), plaintiff allegedly was told that he would receive refinancing of the transaction # 2 loan. At the December 2, 1982 settlement, plaintiff signed documents, allegedly without being informed of their legal effect, that deeded the property at 122 33rd Street, N.E. to Barquin and his wife. Although the loan from transaction # 2 was repaid, plaintiff never received any other proceeds from transaction # 3. The Barquins, on the other hand, received a loan secured by the 122 33rd Street property. They eventually defaulted, and the property was sold at foreclosure sale on February 12, 1985. This action was filed on September 13, 1985.

## II. DISCUSSION

### A. *Count One*

Plaintiff's first claim is that Family Federal is liable for the misrepresentations of Nationwide and Barquin because those defendants acted under actual or apparent authority from Family Federal during transaction # 2. Family Federal contends that this claim is barred by the statute of limitations.

■ In the District of Columbia, there is a three-year statute of limitations for fraud claims, and that period begins to run from the time the fraud or misrepresentation "either is discovered or reasonably should have been discovered." *King v. Kitchen Magic, Inc.*, 391 A.2d 1184, 1186 (D.C.App. 1978). Family Federal argues that the statute should run from September 15, 1981, the date of settlement, because plaintiff should have discovered any fraud at that point.

■ The Court disagrees. Plaintiff may be able to show that he reasonably was unaware of the long-term financing misrepresentation, for example, until December 2, 1982, or plaintiff may be able to successfully invoke the doctrine of "fraudulent concealment." *See William J. Davis, Inc. v. Young*, 412 A.2d 1187, 1191 (D.C.App. 1980). Plaintiff's contentions thus present factual questions which are not properly decided on a motion to dismiss. *See Richards v. Mileski*, 662 F.2d 65, 67, 70–71 (D.C.Cir.1981). Since plaintiff could conceivably prove a set of facts supporting his claim for relief, the motion to dismiss count one must be denied. *See Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984).

### B. *Count Two*

Count two asserts that transaction # 2 is an "unlawful trade practice" under the D.C. Consumer Protection Procedures Act.

*See* D.C.Code § 28–3904 (1981 ed.). Family Federal argues that two D.C. Court of Appeals decisions render the Act inapplicable to the case at bar. *See Owens v. Curtis,* 432 A.2d 737 (D.C.App.1981); *Howard v. Riggs National Bank,* 432 A.2d 701 (D.C. App.1981). Neither of these cases is dispositive, however.

■ The *Owens* court held that the Act is inapplicable to a sale of real estate. 432 A.2d at 739. Transaction # 2 patently did not involve a *sale* of real estate; rather, it involved use of real estate as collateral for a personal debt consolidation loan. The Act specifically encompasses such "consumer credit" transactions. *See* D.C.Code § 28–3901(a)(7). Moreover, the narrow holding of the *Howard* court was that the Act applies only to unfair trade practices committed by entities "connected with the 'supply' side of a consumer transaction." 432 A.2d at 709. Family Federal obviously meets this requirement. Thus, there is no bar to application of the Act to this case.[1]

#### C. Count Four

■ Count four alleges violation of TILA, which has a one-year statute of limitations that runs from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (1982). In this circuit, violation of TILA occurs no later than the date of settlement of any loan for which required disclosures have not been made. *See Postow v. OBA Federal Savings and Loan Association,* 627 F.2d 1370, 1380 (D.C.Cir. 1980); *see also K/O Ranch, Inc. v. Norwest Bank of the Black Hills,* 748 F.2d 1246, 1248–49 (8th Cir.1984). Since plaintiff did not bring his claim until more than one year after settlement, his claim is time-barred.

#### D. Count Five

■ Count five asserts that transaction # 2 violated RICO. *See* 18 U.S.C.

§ 1962(b), (c) (1982). Since RICO does not have its own limitations period, this Court must apply the state statute of limitations for the state-law claim most analogous to plaintiff's RICO claim. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 158–59, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). Family Federal contends that plaintiff's RICO claim is most analogous to an action to recover usurious interest charges, *see* D.C.Code § 28–3304 (1981 ed.), which has a one-year statute of limitations. Plaintiff argues that because fraud and misrepresentation induced him to enter transaction # 2, the three-year statute of limitations for fraud claims should apply.

■ The Court concludes that since plaintiff alleges that fraud and misrepresentation precipitated transaction # 2, the three-year fraud statute of limitations should be used. This determination is consistent with conclusions reached by other courts. *See e.g., Alexander v. Perkin Elmer Corp.,* 729 F.2d 576, 577 (8th Cir.1984) (per curiam); *Noland v. Gurley,* 566 F.Supp. 210, 216 (D.Colo.1983). In addition, selecting the longer statute of limitations period furthers the remedial purpose of RICO. *See Occidental Life Insurance Co. v. Equal Employment Opportunity Commission,* 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977) ("State limitations periods will not be borrowed if their application would be inconsistent with the underlying policies of the federal statute.").

■ Plaintiff contends that he was first on notice of Family Federal's alleged fraud and misrepresentation on September 17, 1982. For purposes of the instant motion to dismiss, this factual allegation must be accepted as true. *See Hishon v. King & Spalding,* 104 S.Ct. at 2233. Accordingly, plaintiff's RICO claim is not time-barred.

---

**1.** Family Federal notes that the *Howard* court ruled that the "plain meaning" of certain language in the Act was not controlling. That decision, however, was based entirely upon perceived inconsistencies in the Act's structure and legislative history. No such inconsistencies counsel against a "plain meaning" construction of "consumer credit" transactions to include this case.