**KTM CORPORATION, a Florida Corporation, and Devon E. Tranter, Plaintiffs,**

v.

**Stanley L. SELIGMAN, Guy J. Seligman, Barry Nelson, Linda Nelson, and A.W. Beck, Trustee in Bankruptcy, Defendants.**

**No. 84–6439–CIVIL–SPELLMAN.**

United States District Court, S.D. Florida, Miami Division.

April 24, 1986.

---

Michael J. Appleton, Winter Park, Fla., for plaintiffs.

Chad Pugatch, Ft. Lauderdale, Fla., for Beck.

Steven M. Katzman, Miami, Fla., for Seligman.

Linda and Barry Nelson, pro se.

## MEMORANDUM OPINION & ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

SPELLMAN, District Judge.

This CAUSE comes before the Court on Defendants' Motion to Dismiss the Second Amended Complaint alleging a violation of the federal Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. s. 1961, *et seq.* filed by the Plaintiffs. The Defendants' Motion to Dismiss alleges that the RICO claim is time barred and, alternatively, that the Plaintiffs failed to allege the necessary elements of a RICO cause of action. In particular, the Defendants claim that the elements of mail fraud and wire fraud, conspiracy and organized crime are improperly pleaded.

The Court agrees that the Plaintiffs did not sufficiently allege the elements of mail and wire fraud and conspiracy. To properly allege a RICO claim, the Plaintiffs must allege the predicate acts underlying the pattern of racketeering. *See United States v. Hartley,* 678 F.2d 961, 986 (11th Cir.1982). The elements of the predicate acts must also be pleaded with particularity. *See United States v. Haimowitz,* 725 F.2d 1561, 1568 (11th Cir.

1984); Fed.R.Civ.Pro. 9(b); and *Seville Industrial Machinery v. Southmost Machinery,* 742 F.2d 786, 791 (3d Cir.1984). The Plaintiffs pleaded fraud with particularity sufficient to meet the Rule 9(b) requirement. However, the Plaintiffs do not adequately connect the common law fraud allegations to the mails or wire or properly allege a scheme to defraud among the Defendants.

The Plaintiffs' complaint alleges that the defendants conspired to violate 18 U.S.C. § 1962(c) but failed to properly plead the elements of conspiracy. In a conspiracy there must be an agreement existing among the defendants. *See United States v. Martino,* 648 F.2d 367 (5th Cir.1981). The Plaintiffs' complaint does not allege any such agreement.

There is no substance to the remaining grounds for the Defendants' Motion to Dismiss. RICO does not solely apply to acts of organized crime and therefore no allegation of organized crime need be alleged. *See United States v. Gottesman,* 724 F.2d 1517, 1521 (11th Cir.1984). The Plaintiffs' RICO claim is not time barred. *See Alexander v. Perkin Elmer Corp.,* 729 F.2d 576 (8th Cir.1984) (When no statute of limitations is found within a federal statute, the most analogous state statute of limitation is applied) and Fla.Stat. ss. 895.05(10) and 95.031(2) (Florida's RICO Act uses a five year statute of limitation from the time the cause of action accrues). If the Defendants disagree with March 1982 as the time in which the action accrues, they should raise the issue as an affirmative defense for a determination on the merits.

ORDERED AND ADJUDGED that the Plaintiffs' Second Amended Complaint is DISMISSED without prejudice to the Plaintiffs to amend the Complaint to properly allege mail and wire fraud and an agreement among the Defendants. The Court cautions the Plaintiffs, in making their amendment, to be mindful of the recent dismissal of the pendant claims with regard to the styling of the Defendants allegedly involved in the federal RICO claim.