**ST. LOUIS HOME INSULATORS, John Hoffman, Paul Hoffman, Gene Whitehead, Robert Gryzmala, David Maddox, d/b/a The Bear Company, Appellants,**

v.

**BURROUGHS CORPORATION, Appellee.**

**No. 84–2419.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1985.

Decided June 18, 1986.

Rehearing and Rehearing En Banc Denied July 31, 1986.

Bright, Senior Circuit Judge, filed a dissenting opinion.

Helton Reed, Jr., St. Louis, Mo., for appellant.

Steven D. McCormick, Chicago, Ill., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Plaintiffs appeal from a judgment of the district court[1] dismissing with prejudice their action against defendant, Burroughs Corporation (Burroughs). We affirm.

Plaintiff St. Louis Home Insulators is one of several commercial insulation businesses developed by plaintiffs John Hoffman, Paul Hoffman, Gene Whitehead, Rob-

---

1. The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri.

ert Gryzmala, and David Maddox, doing business as The Bear Company, a partnership formed to coordinate their businesses' computer systems. Burroughs is a manufacturer and distributor of computer products and services.

St. Louis Home Insulators entered into agreements with Burroughs in April and June of 1977 for the purchase of five B–80 computers and the accompanying software, which included accounts receivable, invoicing, inventory control, inventory management, payroll, general ledger, and accounts payable.

Burroughs installed the first B–80 computer in September of 1977. Two more B–80 computers were installed by the end of 1977. St. Louis Home Insulators refused delivery of the remaining two B–80 computers because of continued difficulties with the hardware and the software. Burroughs first encountered problems with the installation of the inventory program in November of 1977. Despite repeated attempts on the part of Burroughs and St. Louis Home Insulators to rectify the problems, St. Louis Home Insulators ultimately abandoned the inventory program in March of 1978. Furthermore, Burroughs delayed installing the invoicing and accounts receivable programs, which were supposed to be installed in March of 1978, until the latter half of 1978.

Plaintiffs filed a three-count complaint against Burroughs on June 20, 1983, alleging negligent misrepresentation, fraud, and breach of warranty in the sale of the computers. Burroughs moved for summary judgment on the negligent misrepresentation claim as barred by the statute of limitations, or, in the alternative, for failure to state a claim upon which relief could be granted, and for summary judgment on the fraud and breach of warranty claims as barred by the statute of limitations. The motion was taken with the case. There was a mistrial after all but one of plaintiffs' witnesses had testified. The district court took the motion under submission and on August 16, 1984, granted Burroughs' motion to dismiss with prejudice

with respect to the claims for negligent misrepresentation and breach of warranty on the ground that the respective statutes of limitations had run on those claims. The district court held that the fraud claim had not been adequately pleaded and ordered plaintiffs to file an amended complaint in compliance with Fed.R.Civ.P. 9(b). On September 17, 1984, Burroughs filed a motion to dismiss the amended complaint for failing to state a claim for relief and for failing to plead in accordance with Fed.R.Civ. P. 9(b). On October 5, 1984, the district court dismissed with prejudice the fraud claim on the ground that it had not been pleaded with the specificity required by Fed.R.Civ.P. 9(b) and for the further reason that it was barred by the statute of limitations.

The parties agree that Missouri law governs this action. The pertinent statute is Mo.Rev.Stat. § 516.120(5), which has been construed to mean that plaintiffs must bring suit within five years "from the date they knew or should have known the controlling facts" constituting the fraud. *Harding v. Modern Income Life Insurance Company,* 593 S.W.2d 568, 571 (Mo. Ct.App.1979). *See also Alexander v. Perkin Elmer Corp.,* 729 F.2d 576, 578 (8th Cir.1984) (per curiam). In its order of October 5, 1984, the district court found that plaintiffs had actual knowledge of the inadequacies in the inventory program and of Burroughs' failure to remedy those inadequacies long before the five-year limitations period had elapsed. Accordingly, the district court held plaintiffs' claim on the fraud count to be time barred.

The pretrial deposition testimony reveals plaintiffs' early knowledge of the alleged misrepresentations. Jan Holder, who was the chief computer operator for St. Louis Home Insulators in 1977 and 1978, testified that she "gave up" on the inventory program in March of 1978 and that neither she nor anyone else ever contacted Burroughs again about the program. Plaintiff Gryzmala testified that he had grown disillusioned with the system and "was ready to get rid of it in the spring of '78." Plain-

tiff John Hoffman, president of St. Louis Home Insulators, testified that he had experienced a pattern of serious problems with the hardware and software at least as early as May of 1978. From this testimony, as well as from the testimony presented at trial, the trial court concluded that:

> Plaintiffs are sophisticated business men. Long before the crucial date, they knew that all attempts to modify the inventory programs and correct the problems had dismally failed. That futile attempts had been made to modify the inventory programs in order to comply with the original alleged representation would conceivably support a finding of breach of warranty, but not of fraud.

We conclude that the present case is closely similar on its facts to the situation presented in *Alexander, supra.* There, the purchaser of a computer and accompanying software acknowledged that it had experienced difficulties with the hardware and the software well before the five-year limitation period contained in § 516.120(5) had run. We concluded that the purchaser had thus been put on notice of the seller's misrepresentations more than five years before the suit was filed.

The holding in *Alexander* applies with equal force to this case. The record establishes unequivocally that plaintiffs had knowledge as early as March of 1978 that the inventory software program was not operating satisfactorily and could not be made to operate satisfactorily. Accordingly, the district court correctly entered summary judgment on the ground that the fraud claim was time barred.

In view of our holding, we need not discuss the alternative basis upon which the district court dismissed the action.

The judgment dismissing the action is affirmed.

BRIGHT, Senior Circuit Judge, dissenting.

I respectfully dissent.

The majority today concludes that the district court "correctly entered summary judgment on the ground that the fraud claim was time barred." Notwithstanding the majority's holding, however, the district court in this case did not grant a motion for summary judgment based on the running of the applicable statute of limitations. This suit had been in trial for three days when the district court declared a mistrial. At that time, the district court took under submission several motions of defendant, including a motion for summary judgment on plaintiffs' action for fraud based on the statute of limitations.

Two weeks after it declared the mistrial, the district court denied the defendant's motion for summary judgment on the fraud claim, concluding that it "cannot say as a matter of law the plaintiffs knew or should have known of the inadequacies" of the Burroughs' computer system. The district court also stated that the plaintiffs' fraud claim had not been adequately pleaded and ordered plaintiffs to file an amended complaint in compliance with Federal Rule of Civil Procedure 9(b).

Following this ruling and the plaintiffs' filing of its first amended complaint, Burroughs brought a motion to dismiss on the ground that the complaint still failed to adequately plead the circumstances surrounding the alleged fraud. The district court concluded that the complaint did not aver fraud with the particularity required by Rule 9(b), and did not state the specific circumstances that would toll the running of the applicable statute of limitations. On this basis, and on this basis alone, the court granted Burroughs' motion to dismiss the complaint with prejudice.

On appeal from this order, therefore, we do not review the entry of a summary judgment based on the running of the statute of limitations. Although the district court referred to the prior motion for summary judgment brought by Burroughs, the court did not have such a motion before it, and did not state that it was considering such a motion. Any discussion by the district court of the merits of the statute of limitations issue remains purely extraneous and outside our review. The district court

granted only a motion to dismiss on Rule 9(b), and not a motion for summary judgment on the statute of limitations.

Moreover, even if I were to accept the proposition that the district court granted a summary judgment motion on the statute of limitations issue, I would still be forced to conclude that the district court erred in granting such a motion. In order to grant summary judgment on the basis of the statute of limitations, the passing of the limitations period must be established as a matter of law. In its memorandum and order dismissing plaintiffs' fraud claim, the court stated that the facts do not "permit a finding that plaintiffs either did not nor could not by the exercise of due diligence discover (prior to June 20, 1978) the facts demonstrating the falsity of the alleged representations." The court supported this conclusion by observing that plaintiffs "are sophisticated business men" who "knew that all attempts to modify the inventory programs and correct the problems had dismally failed." These conclusory statements cannot be sustained as determinations made as a matter of law on undisputed facts.

Thus, I do not believe that we should affirm the district court on an "alternative" holding that the statute of limitations barred the plaintiffs' claim of fraud. Moreover, I believe that the district court erred in dismissing the plaintiffs' complaint on the ground that it failed to plead fraud and the tolling of the statute of limitations with sufficient particularity. I would therefore reverse the judgment of the district court dismissing plaintiffs' complaint with prejudice, and remand for further proceedings.