**INDEPENDENT COMMUNICATIONS NETWORK, INC., Plaintiff,**

v.

**MCI TELECOMMUNICATIONS CORP., INC., Defendant.**

**Civ. A. No. 86–2874.**

United States District Court, District of Columbia.

Feb. 25, 1987.

Mark J. Diskin and Mackenzie Canter III, Washington, D.C., for plaintiff.

John P. Wintrol and Inez Smith Reid, Washington, D.C., for defendant.

MEMORANDUM–ORDER

GASCH, Senior District Judge.

I. INTRODUCTION

This diversity case, brought by plaintiff Independent Communications Network, Inc. ("ICN"), involves the claim that its business reputation has been harmed by defendant MCI's alleged defamatory remarks.[1] There are three counts to the

---

1. Specifically, plaintiff alleges that an MCI "investigator," named Walter Frier, stated that plaintiff's business was a "bogus company" and a "fraudulent enterprise" to plaintiff's customers and agents over the telephone; that Frier threatened plaintiff's customers and agents with fictitious investigations by the U.S. Secret Service, the Federal Bureau of Investigation, the Attorney General's Office and other agencies; and, that Frier "warned" plaintiff's customers and

complaint: (1) defamation and slander of business reputation, (2) tortious interference with business and contractual relationships and (3) violation of D.C.'s Consumer Protection Procedures Act ("CPPA"), D.C.Code § 28–3901 *et seq.* (1981 & 1986 Supp.). In damages, plaintiff requests $20 million in compensation for its losses, treble damages under the D.C.Code provisions, $5 million in punitive damages, prejudgment interest and attorneys' fees and costs. ICN further demands injunctive relief to prohibit MCI or Frier from continuing the type of conduct described in the complaint.

Presently before the Court is defendant's motion to dismiss Count III of the complaint for failure to state a claim. For the reasons explained below, the Court grants this motion.

## II. DISCUSSION

Plaintiff ICN alleges in Count III of the complaint that MCI and Frier conspired "to destroy Plaintiff by disparaging the goods, services and business of Plaintiff by perpetrating false and misleading representations of material facts, all in violation of D.C.Code Ann. § 28–3904, as an unfair trade practice." MCI has moved the Court to dismiss Count III on the following grounds: (1) that this Court lacks jurisdiction to hear the claim, (2) that ICN has failed to state a claim for which relief may be granted since the CPPA applies only to consumer-merchant transactions, and (3) plaintiff lacks standing to bring an action under the CPPA.

First, this Court has jurisdiction to hear Count III of the complaint despite the fact that the statute provides for a cause of action to be brought in the Superior Court of the District of Columbia. *See* D.C.Code § 28–3905(k)(1) (1981). This Court retains diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. *See Markham v. City of Newport News,* 292 F.2d 711, 713–14 (4th Cir.1961) (substantive right enforceable in state court is also enforceable

in federal court where controversy is between citizens of different states and concerns the minimum amount of money). This Court itself has entertained a suit involving unlawful trade practices under the CPPA. *See Lawson v. Nationwide Mortgage Corp.,* 628 F.Supp. 804, 806–07 (D.D.C.1986) (Gasch, J.).

MCI's second ground for dismissal is the central issue at bar. The CPPA seeks to prohibit a long list of "unlawful trade practices." D.C.Code § 28–3904. One type of practice prohibited is to "disparage the goods, services or business of another by false or misleading representations of material fact." D.C.Code § 28–3904(g). The Act also created the Office of Consumer Protection and established procedures within that office for the adjudication of complaints under the Act. D.C.Code § 28–3905. Persons seeking remedies under the Act may choose to bypass the administrative route and bring a complaint directly in D.C. Superior Court. D.C.Code § 28–3905(k).

Ambiguity appears to arise in that section of the Act which provides remedies alternative to bringing a complaint to the Office of Consumer Protection. Subsections (k)(1) and (2) of section 3905 state:

(k)(1) *Any consumer* who suffers any damage as a result of the use or employment by any person of a trade practice in violation of a law of the District of Columbia within the jurisdiction of the Office may bring an action in the Superior Court of the District of Columbia to recover or obtain any of the following:

(A) treble damages;

(B) reasonable attorneys' fees;

(C) punitive damages;

(D) any other relief which the court deems proper;

(2) Nothing in this chapter shall prevent *any person* who is injured by a trade practice in violation of a law of the District of Columbia within the jurisdiction of the Office from exercising any right or seeking any remedy to which the

agents to "stop doing business" with plaintiff in order to avoid "trouble." Plaintiff also adds that Frier, acting on behalf of MCI, stated to

plaintiff's customers and agents that ICN unlawfully used "pirated telephone codes."

person might be entitled or from filing any complaint with any other agency. D.C.Code §§ 28–3905(k)(1) & (2) (emphasis added). The first subsection of the cited provision refers to "any consumer"; the second subsection, however, uses the term "any person." Plaintiff claims that it has a cause of action under the CPPA as a "person" within the meaning of section 28–3905(k)(2).[2] A literal reading of these two provisions would produce inconsistent results.

In response to plaintiff's assertions, defendant correctly notes that other courts have found that this Act targets the consumer-merchant relationship. *See Howard v. Riggs National Bank*, 432 A.2d 701, 709 (D.C.App.1981) (CPPA designed to police trade practices arising only out of consumer-merchant relationships); *Barlow v. McLeod*, Civil Action No. 85–0022, slip op. at 13 (citing *Howard*, CPPA only concerns consumer-merchant transactions) [Available on WESTLAW, DCT data base]; *Lawson*, 628 F.Supp. at 806–07 (citing *Howard*, CPPA affects unfair trade practices between consumers and merchants); *Save Immaculata v. Immaculata Prep. School*, 514 A.2d 1152, 1159 (D.C.App.1986) (under CPPA, claim fails since Act applies to consumer-merchant transactions and nonprofit educational institution is not a "merchant").

In *Howard*, the D.C. Court of Appeals faced ambiguity between two applicable provisions of the Act which referred to both "persons" and "merchants." After reviewing the Act as a whole, and the legislative history, the Court concluded that the Act was intended to apply only to trade practices arising out of the supplier-purchaser relationship. *Howard*, 432 A.2d at 709. The Court reasoned that when there is a conflict between general and specific terms in a statute, the more specific provision should prevail. *Id.* (citing *FTC*

*v. Manager, Retail Credit Co.*, 515 F.2d 988, 993 (D.C.Cir.1975)).

In the instant action, the Court adopts the reasoning on this issue found in the *Howard* opinion. Plaintiff claims that section (k)(2) affords a cause of action under the Act to "any person" despite the fact that section (k)(1) limits redress to "consumers." Nonetheless, the legislative history indicates unequivocally that section (k)(2) was intended to refer to consumer-plaintiffs only:

> [D.C.Code § 28–3905(k)(2) ] states that an *injured consumer* may bring another type of action or file a complaint with another agency if he or she deems that to be appropriate....

Council of the District of Columbia, Committee on Public Services and Consumer Affairs, Report on Bill 1–253 at 23 (March 24, 1976) (emphasis added). Moreover, other sections of the statute indicate that the Act was meant to embrace consumer-merchant interactions exclusively. For example, the Act defines "complainant" as follows:

> "[C]omplainant" means one or more consumers who took part in a trade practice, or one or more persons acting on behalf of (not the legal representative or other counsel of) such consumers, or the successors or assigns of such consumers or persons, once such consumers or persons complain to the Office about the trade practice.

D.C.Code § 28–3901(a)(4).

In short, the CPPA supplies consumers with a private cause of action against merchants. It is not intended to supply merchants with a private cause of action against other merchants. In no imaginable way could plaintiff ICN be categorized as a consumer. Under the Act, "consumer" is defined as:

> ... a person who does or would purchase, lease (from), or receive consumer

---

2. Under the Act, "person" is defined as "an individual, firm, corporation, partnership, cooperative, association or any other organization, legal entity, or group of individuals however orga-

nized...." D.C.Code § 28–3901(a)(1). ICN would clearly fit within this broadly defined category.

goods or services, including a co-obligor or surety, or a person who does or would provide the economic demand for a trade practice; as an adjective, "consumer" describes anything, without exception, which is primarily for personal, household, or family use....

D.C.Code § 28–3901(a)(2). In the case at hand, ICN describes itself as a corporation engaged "in the interstate sale of long distance telephone services." Complaint at ¶ 1. By its very admission, therefore, ICN is not a "consumer."[3] At most, the case at bar involves a relationship between two entities which are both on the supply side of a consumer-merchant interaction; it does not involve a consumer-merchant relationship itself.

Given that the Act protects consumers, and that plaintiff is not one, defendant's third ground for dismissal alleges that plaintiff lacks standing to assert the rights of consumers under the CPPA. In its briefs, plaintiff did not assert the rights of third parties, *i.e.*, consumers. Instead, plaintiff asserts standing in its own right, as a corporation selling long distance services, to claim relief and treble damages under the CPPA. The Court, therefore, need not address this third-party standing issue for plaintiff does not claim to sue on behalf of consumers.

Accordingly, upon review of the legislative history of the Consumer Protection Procedures Act, the case law interpreting that Act, the parties' memoranda of points and authorities and argument in open court, and for the reasons set forth above, it is by the Court this 24th day of February, 1987,

ORDERED that defendant's motion to dismiss Count III of the complaint be, and hereby is, granted; and it is further

ORDERED that plaintiff ICN, as a corporation engaged in the sale of long distance telephone services, is not entitled to a cause of action under the provisions of the

Consumer Protection Procedures Act, D.C. Code § 28–3901 *et seq.*

---

**3.** At oral argument on this matter, counsel for plaintiff also stated that ICN does not claim to    be a consumer.