**GRANITE FALLS BANK, Appellant,**

v.

**John HENRIKSON, Mark Lindell, Clayton Management, Inc., and Lease Resources Corporation, Appellees.**

No. 89–5569.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1990.

Decided Jan. 28, 1991.

Andrew L. Marshall, Minneapolis, Minn., for appellant.

Robert A. Brunig, Minneapolis, Minn., and Lee R. Johnson, St. Paul, Minn., for appellees.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

The primary issue in this case is: when does a civil cause of action accrue under the Racketeer Influenced and Corrupt Organizations Act (RICO).[1] Granite Falls Bank (the Bank) appeals the Fed.R.Civ.P. 12(b)(6) order of the District Court[2] dismissing its RICO claims as time-barred. We reverse and remand.

I.

The Bank commenced this action on March 30, 1989, alleging RICO violations under 18 U.S.C. § 1962(c) and (d), as well as fraud and other state law claims. The factual allegations of the complaint are set out in detail in the opinion of the District Court and need not be repeated here. The facts that need to be known in order to resolve the statute of limitations issue the case presents can be stated quite simply, and are as follows. The last alleged predicate act of racketeering occurred no later than December 1982. The Bank, however, was not injured, and consequently did not discover its injury, until April 1985. And it did not discover until January 1989 that defendants had engaged in a pattern of racketeering activity. This latter discovery occurred in the course of a breach of contract, fraud, and breach of fiduciary duty action brought by the Bank in state court against one of the defendants named in the present action. Based on its newly acquired knowledge, the Bank, while continuing to pursue its state court action, filed the present action in the District Court.

In addressing the motion of defendants to dismiss the Bank's RICO claims as barred by the four-year statute of limitations, the District Court noted that although the Supreme Court held in *Agency Holding Corp. v. Malley–Duff & Assoc.*, 483 U.S. 143, 156–57, 107 S.Ct. 2759, 2767–68, 97 L.Ed.2d 121 (1987), that the four-year Clayton Act statute of limitations applies to civil RICO actions, it expressly left open the question of the time at which a RICO action accrues, and that neither the Supreme Court nor this circuit has yet decided this question. After reviewing the decisions on this question from the other circuits that already have resolved it (all of which have adopted some version of an accrual rule based on discovery), the District Court concluded that these decisions "give insufficient weight to the teachings of *Malley–Duff*," Memorandum and Order, p. 8, and that it should look instead "to

---

1. 18 U.S.C. §§ 1961–68 (1988).

2. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Clayton Act cases involving the accrual of antitrust actions in order to determine the proper standard to apply in a RICO case." *Id.* at 9. Turning to Clayton Act cases, and relying principally on *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971), the court held that the Bank's RICO claims accrued at the time the last predicate act of racketeering occurred, *i.e.*, in December 1982, and that because the Bank did not file this action until more than six years later, its RICO claims are barred unless the four-year statute of limitation was tolled. The court recognized that tolling may occur but held that here the Bank had shown no grounds for tolling the statute of limitations. The court therefore dismissed the Bank's RICO claims as time-barred. It also dismissed, without prejudice, the Bank's pendent state law claims.

For reversal, the Bank argues that the District Court erred in adopting an accrual rule for civil RICO claims based on the time of the last predicate act of racketeering, and that the court should have followed the lead of every circuit that has decided the question by adopting an accrual rule based on the time of the plaintiff's discovery either of his injury or of the existence of a pattern of racketeering activity. In the alternative, the Bank argues that even under the Clayton Act accrual principles the District Court relied on, the action is not time-barred because it was commenced within four years from the date of the Bank's injury, and under the Clayton Act a cause of action does not accrue until the plaintiff suffers an injury.

## II.

We turn first to the Bank's argument that the District Court applied the wrong accrual rule. The Bank offers us a smorgasbord of civil RICO accrual rules, any one of which would be acceptable to the Bank, that have been formulated by other courts of appeals. These courts have not spoken with one voice on this issue, but that is only to be expected, because so far we lack clear guidance from the Supreme Court and any guidance at all from Congress as to when the clock starts running on civil RICO claims. Even so, the courts of appeals that so far have decided the question all have adopted one version or another of an accrual rule linking the starting of the four-year clock to the plaintiff's knowledge of the existence of his claim (or at least to the plaintiff's knowledge of facts that would have enabled him, in the exercise of due diligence, to ascertain the existence of his claim) rather than to the chance circumstance of the time the last predicate act of racketeering occurred. We shall come to these decisions from other circuits later in this opinion.

As the District Court correctly observed, the Supreme Court expressly left the accrual question open when it adopted the four-year statute of limitations from the Clayton Act for civil RICO actions. *Malley–Duff*, 483 U.S. at 156–57, 107 S.Ct. at 2767 ("Because it is clear that Malley–Duff's RICO claims accrued within four years of the time the complaint was filed, we have no occasion to decide the appropriate time of accrual for a RICO claim."). While the analogy drawn by the Court in *Malley–Duff* between the Clayton Act and the civil RICO statute provides a strong argument for adopting the antitrust accrual rule,[3] we believe that the unique character of a private RICO cause of action requires a specially tailored rule to determine when its limitations period begins to run. It seems fundamental to us that a civil RICO cause of action cannot accrue until all of its elements are present.[4]

---

**3.** The Supreme Court has not automatically consulted the Clayton Act to resolve every question arising under the civil RICO statute. In *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 485–86, 105 S.Ct. 3275, 3279–80, 87 L.Ed.2d 346 (1985), the Court rejected the Second Circuit's use of the antitrust analogy to construe the injury requirement under § 1964(c) for standing to sue for a civil RICO action.

**4.** "[C]ommon sense indicates that there is no accrual until all facts exist so that the plaintiff can allege a complete cause of action." *Butler v. Local Union 823, Int'l Bd. of Teamsters*, 514 F.2d 442, 450 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975).

The primary source of RICO's unique character is its pattern requirement. To state a cause of action under 18 U.S.C. § 1962(c), a plaintiff must allege the elements that comprise a RICO violation: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.... In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima*, 473 U.S. at 496, 105 S.Ct. at 3285 (footnote omitted). According to 18 U.S.C. § 1961(5), a pattern of racketeering activity requires at least two predicate acts of racketeering activity, the last of which occurred within ten years of a predicate act previously committed by the defendant enterprise. Section 1961(1) enumerates the federal and state criminal offenses that may constitute a predicate act of racketeering activity. This multi-act, pattern requirement distinguishes a RICO action from an antitrust violation. No pattern requirement is contained in the Clayton Act and accrual does not depend on the occurrence of an act or acts subsequent to the initial wrongful act.

Further distinguishing RICO from the antitrust laws is the nature of the harms the racketeering statute is designed to prevent. "Unlike the Clayton Act, which targets harm to competition induced by force rather than fraud, racketeering injuries by definition include harms from fraud (securities, wire or mail fraud) and harms resulting from force (*e.g.,* extortion)." Humes, *RICO and a Uniform Rule of Accrual,* 99 Yale L.J. 1399, 1407 (1990). In fraud-based actions, it is well-settled under federal law that the statute of limitations starts running when the plaintiff discovers (or reasonably should have discovered) the underlying facts relevant to his claim. *See Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). We therefore are inclined to think that the nature of the conduct proscribed by RICO

compels the application of discovery principles in fashioning an accrual rule. Because accrual in antitrust actions depends on the commission of the defendant's injurious act rather than on the plaintiff's knowledge of that act or the resulting injury, *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 338, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971), the Clayton Act statute of limitations may lapse before the plaintiff becomes aware that he has a cause of action. In light of the express mandate from Congress that RICO is to "be liberally construed to effectuate its remedial purposes," Racketeer Influenced and Corrupt Organizations Act, ch. 96, § 904(a), 84 Stat. 947 (1970), we conclude that the antitrust accrual rule, which without regard to the plaintiff's knowledge or lack of knowledge begins the limitations period at the commission of the last injurious act, is an inappropriate rule for application to the civil RICO statute of limitations.

No circuit court that has addressed the accrual issue for civil RICO actions has adopted the Clayton Act model to determine when the four-year limitations period begins to run. Each instead has incorporated the principle of discovery into the accrual rule governing civil RICO actions in the particular circuit. But the consensus stops there. For while the circuit courts agree that the plaintiff's actual or constructive knowledge is relevant to the accrual issue, they are not of one mind concerning the question of what the plaintiff must actually or constructively know before the limitations period will start to run.

Since the *Malley–Duff* decision, four of our sister circuits [5] have adopted an injury-based accrual rule. Under this approach, the four-year statute of limitations in a civil RICO action begins to run when the plaintiff knows or should have known of his injury. The Second Circuit reasoned that "[u]ntil such injury occurs, there is no right to sue for damages under § 1964(c), and until there is a right to sue under § 1964(c),

**5.** *Rodriguez v. Banco Cent.,* 917 F.2d 664, 666 (1st Cir.1990); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1102 (2d Cir.1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989); *State Farm Mut. Auto. Ins. Co. v. Am-mann,* 828 F.2d 4, 4–5 (9th Cir.1987); *Pochahontas Supreme Coal Co. v. Bethlehem Steel,* 828 F.2d 211, 220 (4th Cir.1987); *see also State Farm* at 5 (Kennedy, J., concurring).

a civil RICO action cannot be held to have accrued." *Bankers Trust*, 859 F.2d at 1102.

As noted by the Third Circuit, the problem with the *Bankers Trust* accrual rule is that it focuses upon the injury sustained by a predicate act rather than upon the RICO injury, thus making it possible for the limitations period to have lapsed before the plaintiff can state a RICO cause of action. For example, "if a plaintiff suffers a single injury as a result of a predicate act but the second predicate act which establishes the necessary 'pattern' occurs five years after the injury to the plaintiff, that plaintiff's claim is barred by the four year civil RICO statute of limitations." *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1134 (3rd Cir. 1988).

The *Bankers Trust* accrual rule therefore is difficult to square with the statute, for an injury caused by a single predicate act of racketeering is not transformed into the requisite RICO injury until a pattern of racketeering is established. Section 1964(c) requires a plaintiff to be "injured in his business or property by reason of *a violation of section 1962.*" (Emphasis added.) A violation of section 1962 results not merely from a single act of racketeering activity but from a pattern of racketeering activity, which by definition requires at least two predicate acts occurring within a ten year period. In selecting a term of ten years within which predicate acts could occur to establish the pattern requirement, Congress must have contemplated recovery for remote acts and even for remote injuries.

"[T]he heart of any RICO complaint is the allegation of a *pattern* of racketeering." *Malley–Duff*, 483 U.S. at 154, 107

S.Ct. at 2766 (emphasis in original). Three circuits [6] have resolved the accrual issue by applying the discovery rule to the pattern element as well as the injury requirement of a civil RICO cause of action. We agree that an appropriate accrual rule must include an emphasis on the pattern element,[7] and we join the Third, Tenth, and Eleventh Circuits in holding that the discovery rule should encompass the pattern element as well as the injury requirement of a RICO cause of action. "[W]ith respect to a plaintiff injured by one or more predicate acts, a civil RICO cause of action for damages will not accrue until the plaintiff knows, or should have known, of his injury and that the injury is part of a pattern of racketeering activity. [On the other hand, a] plaintiff who has been injured by [only] one predicate act might discover a pattern when he is again injured by a related predicate act, or when he discovers that someone else has been injured by a related predicate act." *Bivens Gardens Office Bldg., Inc. v. Barnett Bank of Florida, Inc.*, 906 F.2d 1546, 1554 (11th Cir.1990). Specifically, we adopt the rule formulated by the Eleventh Circuit, as follows: "[W]ith respect to each independent injury to the plaintiff, a civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern." *Bivens Gardens*, 906 F.2d at 1554–55. In reaching this decision, we note that the *Bivens Gardens* rule better reflects the underlying policy of a statute of limitations requiring diligence on the part of the plaintiff than does the seemingly more open-ended rule fashioned by the Third Circuit in *Keystone*.[8]

---

**6.** *Bath v. Bushkin, Gaims, Gaines, and Jonas,* 913 F.2d 817, 820–21 (10th Cir.1990); *Bivens Gardens Office Bldg., Inc. v. Barnett Bank of Florida, Inc.,* 906 F.2d 1546, 1553–54 (11th Cir. 1990); *Keystone Ins. Co. v. Houghton,* 863 F.2d 1125, 1126 (3rd Cir.1988).

**7.** Our decision today is consistent with our pre-*Malley–Duff* focus on the pattern element in determining the accrual issue in civil RICO actions. *See Alexander v. Perkin Elmer Corp.,* 729 F.2d 576 (8th Cir.1984). There, we affirmed the District Court's ruling that the plaintiff's civil

RICO claims were time barred because "the appellant knew of the *pattern* of misrepresentation more than five years before this suit was filed." *Id.* at 578 (emphasis added).

**8.** "[T]he limitations period for a civil RICO claim runs from the date the plaintiff knew or should have known that the elements of a civil RICO cause of action existed, unless, as a part of the same pattern of racketeering activity, there is further injury to the plaintiff or further predicate acts occur which are part of the same

Based on the allegations of the Bank's complaint in this case, which for purposes of reviewing this Rule 12(b)(6) dismissal we must accept as true, it is clear that this action was filed within four years from the time of the Bank's post-injury discovery of the alleged pattern of racketeering activity. The District Court's Rule 12(b)(6) dismissal of the complaint as time barred therefore is reversed and the case remanded. We observe that although the 12(b)(6) dismissal cannot be sustained under the accrual rule we have adopted, the question remains open on remand, after evidentiary development, whether under this rule the Bank's RICO claims are time barred because the Bank either did discover, or reasonably should have discovered, these claims more than four years prior to the commencement of this action. *See Vesta State Bank v. Indep. State Bank of Minnesota*, 924 F.2d 155 (8th Cir.1991).

### III.

Defendants Henrikson and Clayton argue that the Bank's civil RICO claims should be dismissed on res judicata grounds. Because this argument was not presented to the District Court, it would be inappropriate for us to consider it on appeal. *Rogers v. Masem*, 788 F.2d 1288, 1292 (8th Cir.1986). This issue remains open for consideration by the District Court on remand, as does the issue raised by defendants as to whether the Bank's complaint fails to allege a pattern of racketeering activity.

### IV.

We decide only that the District Court applied the wrong accrual rule to the Bank's civil RICO claims. We do not reach any of the other issues that have been raised. The order of the District Court dismissing the Bank's complaint is reversed

and the case is remanded for further proceedings consistent with this opinion.

pattern. In that case, the accrual period shall run from the time when the plaintiff knew or should have known of the last injury or the last predicate act which is part of the same pattern of racketeering activity. The last predicate act need not have resulted in injury to the plaintiff but must be part of the same 'pattern'". *Keystone*, 863 F.2d at 1126.