**VESTA STATE BANK and State Bank of Belview, Appellants,**

v.

**INDEPENDENT STATE BANK OF MINNESOTA, Clayton Management, Inc., and Lease Resources Corporation, Appellees.**

**No. 89–5566.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1990.

Decided Jan. 28, 1991.

---

Clarance Hagglund, Minneapolis, Minn., for appellants.

John Troyer, Minneapolis, Minn., and Gary Albrecht, St. Paul, Minn., for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Plaintiffs Vesta State Bank and State Bank of Belview appeal from the order of the District Court[1] granting defendants' motion for summary judgment on the ground that plaintiffs' RICO claim is barred by the four-year statute of limitations made applicable to civil RICO cases by the decision of the Supreme Court in *Agency Holding Corp. v. Malley–Duff Associates, Inc.,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). We vacate and remand.

The District Court applied an accrual rule based on discovery principles: "The limitation period begins to run when plaintiffs knew or should have known of the facts constituting their RICO claim." Order at 2. Noting that plaintiffs commenced this action on February 23, 1989, the court examined the evidence adduced in support of and in opposition to the motion for summary judgment. Applying the summary judgment standard set forth in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"), the court concluded that in light of the evidence provided by defendants, plaintiffs had not come forward with sufficient countering evidence from which a reasonable jury could find that they neither knew nor should have known of the facts giving rise to their RICO claim prior to February 23, 1985. The court therefore granted defendants' motion for summary judgment with respect to plaintiffs' RICO claim on the ground that the four-year statute of limitations had run before plaintiffs commenced this action. The court also granted defendants' motion for summary judgment with respect to plaintiffs' pendent state law claims. Judgment for defendants was entered and plaintiffs appeal.

For reversal, plaintiffs argue that summary judgment was improper because the record creates genuine fact issues as to (1) whether defendants fraudulently concealed plaintiffs' RICO claim, and (2) whether plaintiffs should have known all the facts constituting their RICO claim more than four years before they commenced this action. They also raise other issues, which were not addressed by the District Court, concerning the propriety of summary judgment on the question of their compliance with the statute of limitations.

In another case handed down today, we have held that the accrual rule for civil RICO claims is as follows: " '[W]ith respect to each independent injury to the plaintiff, a civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern.' " *Granite Falls Bank v. Hendrikson,* 924 F.2d 150, 154 (8th Cir.1991), quoting from *Bivens Gardens Office Bldg., Inc. v. Barnett Bank of Florida, Inc.,* 906 F.2d 1546, 1554–55 (11th Cir.1990).

In the present case the District Court applied an accrual rule based on discovery principles that, at least on its face, appears to be consistent with the accrual rule that we have adopted in *Granite Falls.* However, on the basis of the District Court's brief order we are unable to determine whether in fact the District Court analyzed the record in a manner consistent with the civil RICO accrual rule adopted in *Granite Falls.* In addition, the parties did not have an opportunity to marshal their evidentiary submissions with the precise *Granite Falls* accrual rule in mind. Accordingly, we con-

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

clude that the judgment of the District Court should be vacated and the case remanded for further proceedings, including consideration of the statute of limitations question under the *Granite Falls* standard, consistent with this opinion. We do not reach the other issues that plaintiffs have raised in this appeal.

So ordered.