966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
VESTA STATE BANK and State Bank of Belview, Appellants,
v.
INDEPENDENT STATE BANK OF MINNESOTA, Clayton Management,
Inc., and Lease Resources Corporation, Appellees.
 No. 91-2511.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 12, 1992.
Filed: July 6, 1992.
 
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Vesta State Bank and State Bank of Belview appeal from the order of the district court[1] granting appellees Independent State Bank of Minnesota (ISBM), Clayton Management, Inc. (CMI), and Lease Resources Corporation's (LRC) motions for summary judgment. We affirm.
 
 
 2
 This is the second appeal in this matter. On the first appeal, we remanded for reconsideration in light of Granite Falls Bank v. Henrikson, 924 F.2d 150 (8th Cir. 1991), which held that a civil RICO[2] cause of action "begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern." See Vesta State Bank v. Independent State Bank of Minn., 924 F.2d 155, 156 (8th Cir. 1991) (citations omitted). On remand, the district court concluded that appellants were aware or should have been aware of these facts by the end of 1984. As appellants filed their RICO claim (and various pendent state law claims) on February 23, 1989, the district court found the RICO claim barred by the applicable four year statute of limitations. Accordingly, the district court dismissed the RICO claim and also dismissed the pendent state law claims.
 
 
 3
 Appellants first contend that the district court resolved inferences and made credibility determinations against the nonmoving parties and impermissibly weighed evidence, thus violating the standards for ruling on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. We have carefully reviewed appellants' contentions, the district court's order, and the portions of the record submitted and find no violation of Rule 56. We agree with the district court that, based on the undisputed evidence, appellants knew or should have known of the elements of their RICO cause of action by the end of 1984.
 
 
 4
 Appellants next argue that equitable estoppel applies. Equitable estoppel extends the statute of limitations when a plaintiff knows of its cause of action but reasonably relies on the defendant's statements or conduct and delays bringing suit. Stitt v. Williams, 919 F.2d 516, 522 (9th Cir. 1990) (citations omitted). See also Schrader v. Royal Caribbean Cruise Line, Inc., 952 F.2d 1008, 1013 (8th Cir. 1991). Appellants' RICO claim arises out of a series of agricultural equipment leases purchased by appellants from LRC and managed by ISBM and CMI. Appellants assert that appellees lulled them into inaction by encouraging appellants to pursue their claims against the defaulted lessees in a California state suit. In a separate Minnesota state court suit, appellants did sue ISBM on April 16, 1987, and ISBM subsequently brought in CMI and LRC as third party defendants. Appellants moved to amend their complaint in the Minnesota suit to add direct claims against CMI and LRC in November of 1987. The state judge denied that motion on February 4, 1988.[3] The claims raised in the Minnesota suit are based on the same transactions upon which appellants' RICO claim is based. Appellants knew or should have known of the elements of their RICO claim in late 1984, and actually sued ISBM in April of 1987 and attempted to sue CMI and LRC in November of 1987, thus demonstrating they were no longer relying on the California litigation against the defaulted lessees to redress their grievances. Therefore, we fail to see how equitable estoppel would have prevented appellants from filing their RICO claim in 1987, within the statute of limitations. Cf. Burdine v. Dow Chemical Co., 923 F.2d 633, 635 (8th Cir. 1991) (applying Arkansas law); Construction Technology, Inc. v. Lockformer Co., Inc., 704 F. Supp. 1212, 1228 (S.D.N.Y. 1989) (applying New York law).
 
 
 5
 Finally, appellants argue that they and CMI were in a fiduciary relationship, and accordingly, CMI's alleged silence during the California litigation regarding the elements of appellants' RICO claim was affirmatively misleading, thus tolling the statute of limitations. The district court rejected appellants' argument on the basis that appellants knew or should have known of their RICO claim by the end of 1984 and had failed to present any evidence that CMI "suppressed facts or affirmatively mislead plaintiffs." Vesta State Bank, slip op. at 10 n.6. The district court also found that "such assertions are unsupported by the record and plaintiffs provide no evidence of what was concealed." Id.
 
 
 6
 We need not decide whether a fiduciary relationship between CMI and appellants actually existed. Appellants contend that "[i]t is undisputed that CMI was the investors' agent in the California litigation. Therefore, CMI had a fiduciary relationship with the investors." See appellants' brief at 19. CMI categorically denies that a fiduciary relationship existed. See appellees CMI and LRC's brief at 36-37. Appellants have produced no evidence that a fiduciary relationship existed. The trial court made no explicit finding as to whether a fiduciary relationship existed. Since no evidence of a fiduciary relationship and no law as to what would constitute a fiduciary relationship under the facts of this case have been set forth, we cannot conclude that a fiduciary relationship existed between appellants and CMI. See Fed. R. Civ. P. 56(e).
 
 
 7
 Because we find that appellants have not produced any evidence beyond a conclusory assertion that a fiduciary relationship existed, we need not address appellants' argument that silence by a fiduciary tolls the statute of limitations until the cause of action is actually discovered.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 (1988)
 
 
 [3]
 We note that the district court found that "it is apparent that plaintiffs brought the federal action asserting a civil RICO cause of action as a strategy to avoid state court rulings which denied their motion to add or amend their state law complaint." Vesta State Bank v. Independent State Bank of Minn., No. 4-89-147, slip op. at 12, (D. Minn. May 29, 1991)