991 F.2d 787
 RICO Bus.Disp.Guide 8273
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George CHERREY; Kathleen Cherrey, Plaintiffs-Appellants,
v.
Gerald DIAZ; Philip Everson; Alleck Resnick; Resnick,
Sopher, & Perlow, P.A.; Bay State Title Company;
Baltimore Savings & Loan Association,
Incorporated, Defendants-Appellees.
 No. 92-1524.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1993
Decided: April 16, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, Senior District Judge. (CA-91-1361)
 Philip Bernard Malter, WHEATLEY & RANQUIST, for Appellants.
 Joel Henry Oleinik, ECCLES TON & WOLF, for Appellees.
 Peter A. Goldsmith, Allen D. Freemyer, WHEATLEY & RANQUIST, for Appellants.
 Ronald W. Fuchs, ECCLESTON & WOLF, for Appellees Alleck Resnick, Resnick, Sopher & Perlow, and Bay State Title; Kathleen M. McDonald, IRWIN, KERR, GREEN, MCDONALD & DEXTER, for Appellee Diaz; Marc Seldin Rosen, Steven S. Chasman, MARC SELDIN ROSEN, P.A., for Appellee Baltimore Savings and Loan; Jay Fred Cohen, for Appellee Everson.
 D.Md.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Plaintiffs-appellants filed a civil complaint against the defendantsappellees under 18 U.S.C. § 1964(c), a subsection of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The district court dismissed the complaint after finding it to be time barred. We affirm the dismissal.[1]
 
 
 2
 * Because this case comes before us on appeal of a Rule 12(b)(6) dismissal, we will assume that the facts as stated in the complaint are true. See Martin Marietta Corp. v. Int'l Telecom. Satellite Org., 978 F.2d 140, 142 (4th Cir. 1992) ("In considering a motion to dismiss, the claims must be construed in the light most favorable to the nonmoving party and its allegations taken as true."). Appellants are George and Kathleen Cherrey ("the Cherreys"). Appellees include the Baltimore Savings and Loan Association, Incorporated ("Baltimore Savings"), and the Bay State Title Company ("Bay State"). Appellee Alleck Resnick ("Resnick") is an employee of Baltimore Savings and Bay State. Resnick is also a principal in the appellee law firm, Resnick, Sopher, and Perlow, P.A. Appellee Gerald Diaz ("Diaz") is a real estate broker, and appellee Philip Everson ("Everson") worked with Diaz in the transactions described in the complaint.
 
 
 3
 After responding to a newspaper advertisement, the Cherreys purchased several housing units from the appellees in downtown Baltimore at a closing which occurred on January 30, 1987. The Cherreys were unable to conduct a thorough inspection of the units because of the presence of tenants, and the Cherreys failed to arrange an independent inspection or appraisal before closing. However, Diaz and Everson promised to allow the Cherreys to return the units if the Cherreys were dissatisfied. The complaint states that after closing, the Cherreys were unable to inspect the units until a tenant moved "after May 1987." However, the complaint also states that at least one of the units was vacant from the date of closing, January 30, until it was rented in March 1987.
 
 
 4
 Although they paid for major repairs to the units, the Cherreys were unable to rent the properties in October 1987. In July 1988, the Cherreys informed Diaz that they were dissatisfied and wanted to return the units. Diaz refused to allow the return.
 
 
 5
 The Cherreys filed a civil RICO complaint against the appellees on May 15, 1991. The district court granted the appellees' motions to dismiss the complaint after finding it to be time barred. On appeal, we provide de novo review. See Martin Marietta, 978 F.2d at 142 ("[D]ismissals for failure to state a claim are reviewed de novo on appeal.").
 
 II
 
 6
 The statute of limitations for a civil RICO action is four years. Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp., 828 F.2d 211, 220 (4th Cir. 1987). The civil RICO plaintiff is permitted to recover damages if he proves that he was injured by the defendant's pattern of racketeering. The two components of this action, injury and pattern, are the basis of a split between the circuit courts of appeal regarding when the statute of limitations in a civil RICO action accrues, or begins to run.
 
 
 7
 In the Third, Eighth, Tenth, and Eleventh Circuits, the statute of limitations accrues when the plaintiff discovers, or should have discovered, both his injury and the defendant's pattern of racketeering. See Glessner v. Kenny, 952 F.2d 702, 706 (3d Cir. 1991); Granite Falls Bank v. Henrikson, 924 F.2d 150, 154 (8th Cir. 1991); Bath v. Bushkin, 913 F.2d 817, 820 (10th Cir. 1990), abrogated on other grounds, Lampf, Pleva, Lipkind, Prupis, & Petigrow v. Gilbertson, 111 S. Ct. 2773, 2777 n. 1 (1991); and Bivens Gardens v. Barnett Bank, 906 F.2d 1546, 1554-55 (11th Cir. 1990), cert. denied, 111 S. Ct. 1695 (1991). In the First, Second, Seventh, and Ninth Circuits, the statute of limitations accrues when the plaintiff discovers, or should have discovered, only his injury. See Rodriguez v. Banco Cent., 917 F.2d 664, 665-66 (1st Cir. 1990); Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1102 (2d Cir. 1988), cert. denied, 490 U.S. 1007 (1989); McCool v. Strata Oil Co., 972 F.2d 1452, 1464 (7th Cir. 1992); and Beneficial Std. Life Ins. Co. v. Madariaga, 851 F.2d 271, 274-75 (9th Cir. 1988).
 
 
 8
 In Pocahontas this circuit adopted the position embraced by the First, Second, Seventh, and Ninth Circuits. "[T]he statutory period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." Pocahontas, 828 F.2d at 220. As a result, a civil RICO action in this circuit is time barred unless filed within four years of the date the plaintiff discovers or should have discovered his injury.
 
 
 9
 The Cherreys argue that Pocahontas is factually distinguishable from the present case. However, we find their argument unpersuasive. Although the facts of Pocahontas may not be identical to the case at bar, we find that we must apply Pocahontas because it established a general statute of limitations rule which extends to all civil RICO actions. The facts of particular cases may vary, but the general rule remains the same.[2] As a result, the Cherreys' civil RICO action is time barred unless it was filed within four years of the date they discovered or should have discovered their injuries.
 
 
 10
 The district court properly applied this analysis in its order dismissing the complaint. The court found that the Cherreys' injury from the appellees' alleged pattern of racketeering was the financial loss the Cherreys suffered at closing by purchasing defective housing units. The court also found that the Cherreys would have discovered their injury by inspecting any of the units after closing, because an inspection would have revealed that the units were in a severe state of disrepair. The court further found that purchasers of real property, such as the Cherreys, had a duty to inspect the property, especially when it was vacant.
 
 
 11
 Because the Cherreys' complaint indicated that at least one of the units they purchased was vacant from closing on January 30, 1987 until March 1987, the court ruled that the Cherreys should have inspected the unit by March 1987. Because an inspection would have revealed the Cherreys' injury, the court also ruled that the Cherreys should have discovered their injury by March 1987. Applying Pocahontas, the district court held that the four-year statute of limitations on the Cherreys' civil RICO action accrued in March 1987 and expired in March 1991, approximately two months before the Cherreys filed their complaint on May 15, 1991.
 
 
 12
 We find no error in the district court's reasoning. We agree that the Cherreys suffered a financial injury at closing by purchasing defective housing units. We also agree that they should have discovered their injury by March 1987. Applying Pocahontas, the statute of limitations on the Cherreys' civil RICO action expired before the complaint was filed on May 15, 1991. Therefore, we hold that the district court properly granted the appellees' motion to dismiss for failure to state a claim upon which relief could be granted.[3]
 
 III
 
 13
 We affirm the district court's dismissal of the appellants' civil RICO complaint for failure to state a claim upon which relief could be granted. Because we affirm the dismissal, we find it unnecessary to reach the appellants' argument that the district court abused its discretion by denying their motion to amend their complaint.
 
 AFFIRMED
 
 
 [1]
 The district court dismissed the complaint after the appellees filed a motion to dismiss for failure to state a claim upon which relief could be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). However, the court based its dismissal on lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), rather than on failure to state a claim
 We note in passing the general rule that a time barred complaint should be dismissed for failure to state a claim, rather than for lack of subject matter jurisdiction. See Watts v. Graves, 720 F.2d 1416, 1423 (5th Cir. 1983) (statute of limitations is a "proper" ground for a Rule 12(b)(6) dismissal); see also 5A Charles Wright and Arthur Miller, Federal Practice and Procedure § 1360 n.10 (1990) (federal courts permit a statute of limitations defense to be filed under Rule 12(b)(6)).
 One exception to this rule is that a time barred complaint filed against the United States should be dismissed for lack of jurisdiction, because compliance with the statute of limitations is a condition of the United States' waiver of sovereign immunity. Failure to comply with all conditions of the waiver of immunity deprives the court of jurisdiction. This exception is illustrated in a decision relied upon by the district court in the present case, Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991), cert. denied, 112 S.Ct. 1667 (1992).
 Following the general rule, we will treat the dismissal below as one for failure to state a claim under Rule 12(b)(6) rather than for lack of subject matter jurisdiction under Rule 12(h)(3).
 
 
 [2]
 Even if we were inclined to disagree with Pocahontas, we would not be able to overrule it. See Brubaker v. City of Richmond, 943 F.2d 1363, 138182 (4th Cir. 1991) ("We cannot overrule a prior panel of this circuit.")
 
 
 [3]
 The Cherreys urge us to adopt and apply the "rule of separate accrual," a doctrine which creates a separate civil RICO action for each new and independent injury suffered by a plaintiff. See, e.g., Bankers Trust, 859 F.2d at 1105 ("civil RICO actions are subject to a rule of separate accrual")
 We find it unnecessary to adopt the rule. Even if we applied it in the present case, we would find that the Cherreys suffered no new injuries which were independent of the financial loss incurred at closing. See Glessner, 952 F.2d at 707-08 (an injury is not new and independent if it is simply "a recharacterization of [an old] injury" or"the mere continuation of damages into a later period"). As a result, we would affirm the district court's dismissal.