United States Court of Appeals

For the Eighth Circuit

_____

No. 24-3093

_____

Dennis Geivett

*Plaintiff - Appellant*

v.

AMC Management, LLC; Mickey Montee; Christopher Lee; Sandberg, Phoenix & Von Gontard, P.C.; Parkside Condominium Association

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 17, 2025
Filed: November 5, 2025
[Published]

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Dennis Geivett, a condominium owner, sued his condominium association, its registered agent and managing company, and the association's attorneys, alleging, as relevant here, four violations of the Racketeering Influenced and Corrupt Organizations Act., 18 U.S.C. § 1961 *et seq*. The district court dismissed the RICO

claims as barred by the statute of limitations. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

According to the operative pleadings, Geivett purchased a condominium in St. Louis County, Missouri, in 2012. Parkside Condominium Association required monthly assessment fees, which he prepaid for 2012.

Beginning in January 2013, his daughter, who lived in the condominium, did not receive notices about the fees and did not pay them. In August 2013, Parkside, by its former attorney, filed a "Petition for Assessments" debt-collection lawsuit (Petition Suit) against Geivett for not paying condominium fees. Geivett settled the suit for $2,065.50.

In January 2014, Parkside, by its manager, filed a $522 lien against the condominium unit for unpaid fees from October to December 2013. Geivett believes the 2013 settlement included those fees.

Later in January, Parkside filed a second Petition Suit against Geivett. He counterclaimed against Parkside and its former law firm. According to Geivett, the second Petition Suit wrongly included unpaid fees that were not only incorrectly calculated, but also contradicted by Parkside's ledger as of February 2014.

Later in 2014, AMC Management, LLC became Parkside's manager. In June 2017, the state court dismissed Geivett's counterclaim against (only) the law firm. Geivett alleges he paid $75,000 in attorney's fees for work on the counterclaim.

In October 2022, the state court dismissed Parkside's second Petition Suit for failure to state a cause of action. Attorney Christopher Lee with Sandberg, Phoenix, & Von Gontard (Sandberg) filed a second amended petition. One week later, Sandberg dismissed that petition without prejudice, stating it was preparing a release of the lien. A release was never prepared. Although Parkside's claims had been dismissed, Geivett continued his counterclaim against (only) Parkside.

In December 2022, Geivett requested a "recordable statement" of what he owed Parkside. Parkside replied he owed $50,973.50 for assessments, attorney's fees and other charges. In August 2023, Geivett requested another "recordable statement." Parkside replied he owed $65,352.96.

In February 2024, Geivett contracted to sell his condominium for $100,000. The title company requested a statement from AMC about the condominium assessments. Mickey Montee, Parkside's registered agent, told the title company that the condominium unit had delinquent or unpaid assessments for $65,778.45.

In July 2024, Geivett sued Parkside, AMC, Montee, Lee, and Sandberg in state court, alleging 34 state claims and four RICO violations. Geivett alleged they devised a scheme to defraud, culminating in the 2013 and 2014 lawsuits against him. Geivett also alleged they targeted condominium owners owing monthly assessments, suing them to wrongfully obtain money or property. The defendants removed the case to federal court. The district court dismissed the RICO violations as barred by the statute of limitations, and remanded the remaining claims to state court. Geivett appeals.

Geivett argues that the statute of limitations period renewed, and his claims are not time-barred. "This court reviews de novo a 12(b)(6) dismissal." *Ringhofer v. Mayo Clinic*, 102 F.4th 894, 898 (8th Cir. 2024). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

A statute of limitations defense "is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 943 (8th Cir. 2021), *quoting Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). Courts may dismiss claims under 12(b)(6) "as barred by the statute of limitation if the complaint itself shows that the claim is time-barred." *Id*. at 942, *quoting Wong v. Wells Fargo Bank*, 789 F.3d 889, 897 (8th Cir. 2015).

The statute of limitations for a civil claim under RICO is four years. *Agency Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). A RICO cause of action accrues when the plaintiff discovers, or should have discovered, his injury. *Schreier v. Drealan Kvilhaug Hoefker & Co.*, 992 F.3d 674, 681 (8th Cir. 2021), *citing Rotella v. Wood*, 528 U.S. 549, 553, 556–68 (2000).

This court recognizes a "separate accrual" rule: New RICO claims accrue each time the plaintiff suffers an independent injury on account of the defendant's wrongful conduct. *See Granite Falls Bank v. Henrikson*, 924 F.2d 150, 154 (8th Cir. 1991) ("With respect to each independent injury to the plaintiff, a civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, . . . the existence and source of[that] injury . . . ."), *abrogated on other grounds by Rotella*, 528 U.S. at 553–54. *See also Ass'n of Commonwealth Claimants v. Moylan*, 71 F.3d 1398, 1403 (8th Cir. 1995) ("under *Granite Falls*, each independent RICO injury accrues separately"), *abrogated on other grounds by Rotella*, 528 U.S. at 553–54. *See generally Klehr v. A.O. Smith Corp.*, 87 F.3d 231, 239 (8th Cir. 1996) ( "a civil RICO action accrues with respect to 'each independent injury'"), *aff'd*, 521 U.S. 179, 186–87, 192 (1997), *abrogated on other grounds by Rotella*, 528 U.S. at 553–54. *Cf. In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063–66 (8th Cir. 2017) (en banc) (applying a separate accrual rule in an antitrust case). Injuries that are "of the same type, flow from the same source, and are part of one cognizable pattern of conduct" do not trigger a new limitations period. *Klehr*, 87 F.3d at 239.

The district court dismissed Geivett's RICO claims because he allegedly suffered some injuries outside the limitations period. The district court erred by failing to consider whether any of Geivett's RICO claims accrued separately within the limitations period.

* * * * * * *

The judgment is reversed, and the case remanded for proceedings consistent with this opinion.

_____